**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alan J. Goodyke and Denise Y. Goodyke, | No. CV 09-0074-PHX-MHM |
| Plaintiffs, | **ORDER** |
| vs. | |
| BNC Mortgage, Inc. et al., | |
| Defendants. | |

Pending before the Court are Defendant Chase Home Finance, LLC's ("Chase's") Motion to Dismiss (Doc. # 3) and Defendants Marty G. Baker and The Cooper Castle Law Firm, LLP's ("Baker's") Motion to Dismiss (Doc. # 4). Having reviewed Plaintiffs Alan J. Goodyke's and Denise Y. Goodyke's ("Plaintiffs'") Complaint and the parties pleadings, the Court now enters its ruling.

**I.  BACKGROUND**

On or about July 23, 2007, Plaintiffs, who are appearing *pro se*, executed a Note and Deed of Trust secured by real property located at 1143 W. Lantana Drive, Chandler, Arizona 85248. (Doc. # 1, p. 3) Thereafter, Plaintiff Alan Goodyke became unemployed and was unable to make payments pursuant to the agreement. (Doc. # 11, p. 2) Plaintiffs unsuccessfully attempted to re-negotiate the loan with Defendant Chase, the servicer of the mortgage. (Id.) Because Plaintiffs had been in default on the loan, foreclosure proceedings

were commenced with respect to the property. (Doc. # 4, p. 2) On October 14, 2008, a Notice of Trustee's Sale was executed by Defendant Baker, an attorney who had been substituted as trustee in place of T.D. Services Company. (Id.) The Trustee's Sale was initially scheduled for January 14, 2009, but has been postponed due to the pending litigation. (Doc. # 16, pp.1- 2)

Plaintiffs filed the instant Complaint on January 12, 2009, against Defendants Chase, Baker, T.D. Services Company, and BNC Mortgage, Inc. to prevent foreclosure on the property. (Doc. # 1) Thereafter, Defendants Chase and Baker filed Motions to Dismiss. Chase moves to dismiss pursuant to Federal Rules of Civil Procedure ("Rules") 8(a), 9(b), and 12(b)(6), and Baker moves to dismiss pursuant to Rule 12(b)(6) and A.R.S. § 33-807.

**II. STANDARD OF REVIEW**

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). Rule 12(b)(6) requires a court to dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. See North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal is appropriate where a complaint fails to contain sufficient facts to "state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). While the Court accepts "all material allegations of fact as true and construe[s] the complaint in a light most favorable to the non-moving party", the Ninth Circuit has "consistently emphasized . . . that 'conclusory allegations of law and unwarranted inferences' will not defeat an otherwise proper motion to dismiss." Vasquez v. L.A. County, 487 F.3d 1246, 1249 (9th Cir. 2007) (quoting Schmier v. U.S. Ct. of Appeals for the Ninth Cir., 279 F.3d 817, 820 (9th Cir. 2002)).

The Ninth Circuit upholds a "policy of liberal construction in favor of *pro se* litigants." Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998). The Court "must construe the pleadings liberally and must afford plaintiff the benefit of any doubt," Karim-Panahi v.

L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988), and in particular, on a defendant's motion to dismiss for failure to state a claim, Ortez v. Washington County, Oregon, 88 F.3d 804, 807 (9th Cir. 1996). However, a *pro se* party's "status does not relieve the party of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . Bald assertions and conclusions of law will not suffice." Kerr v. Wanderer & Wanderer, 211 F.R.D. 625, 629 (D. Nev. 2002) (citation omitted).

**III. DISCUSSION**

    **A.    Plaintiff's Complaint**

The Court has reviewed Plaintiffs' 28-page Complaint and finds that it fails to comply even minimally with the requirements of Rule 8. The Complaint is replete with rambling narrative and misstatements of law, and fails to plead the elements of any cognizable claim. The Court will discuss each count of the Complaint in turn.

    **1.    Count One**

Plaintiffs title their first cause of action "Deconstruction of Fraud." It appears that the essence of this claim is based upon Plaintiffs' mistaken belief that "[u]pon signing the Promissory Note, they . . . own[ed] the property free and clear of all encumbrances" (Doc. # 1, ¶19), and that the process of securitizing mortgages, a practice instituted by the federal government, is fraudulent or illegal (Doc. # 1, ¶¶ 20-27). From these two faulty premises, Plaintiffs conclude that they therefore are entitled to have "the property reconveyed back to them." Plaintiffs' "conclusory allegations of law and unwarranted inferences" fail to support a claim for relief, Vasquez, 487 F.3d at 1249, and therefore the Court will dismiss Count One of the Complaint.

    **2.    Count Two**

Count Two revolves around Plaintiffs' main allegation that because Chase does not hold the original note securing the mortgage, it "lack[s] standing" to foreclose on the property. (Doc. # 1, ¶¶ 30-31). Plaintiffs' allegation is contradicted by controlling law. First, the UCC pertaining to negotiable instruments, as codified in Arizona at title 47, chapter 3, provides that "'[p]erson[s] entitled to enforce' an instrument include the holder of the instrument, a

1 nonholder in possession of the instrument who has the rights of a holder *or a person not in*
2 *possession of the instrument who is entitled to enforce the instrument* pursuant to § 47-3309."
3 A.R.S. § 47-3301 (emphasis added). See also A.R.S. § 33-807 (not requiring presentation of
4 the original note before commencing foreclosure proceedings).

Next, district courts "'have routinely held that [a plaintiff's] 'show me the note' argument lacks merit.'" Diessner v. Mortgage Elec. Registration Sys., 618 F. Supp. 2d 1184, 1187-88 (D. Ariz. 2009) (quoting Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009) and citing several other district court cases in the Ninth Circuit). In support of their position, Plaintiffs cite a decision from the Northern District of Ohio, In re Foreclosure Cases, (Deutche Bank Nat'l Trust Co. v. Moore), 2007 WL 3232430 (N.D. Ohio Oct. 31, 2007). First, that case is not controlling in this District. Next, the referenced case was distinguished by a Nevada district court in Ernestberg v. Mortgage Investors Group, 2009 WL 160241, at *4 (D. Nev. Jan. 22, 2009), a case factually analogous to the present one. "Nevada cases are particularly instructive because Nevada's UCC enforcement statute is identical to Arizona's . . . and does not require presentation of the original note before commencing foreclosure proceedings." Mansour, 618 F. Supp. 2d at 1181. Because Plaintiffs' action involves the nonjudicial foreclosure of a real estate mortgage under Arizona statutes that do not require presentation of the original note before commencing foreclosure proceedings, Count Two fails to state a claim upon which relief may be granted.

Plaintiffs also allege that Arizona's nonjudicial foreclosure statutes "are in direct conflict with both [the Arizona and United States] Constitutions." (Doc. # 1, p.2) Plaintiffs, however, provide no support for this allegation. Plaintiffs' bald assertion will not support a claim for relief. Accordingly, the Court will dismiss Count Two of the Complaint.

/ / /

/ / /

### 3. Count Three

Plaintiffs' third cause of action is titled "Banks Cannot Lend Credit." In order to support this claim, Plaintiffs must "'allege with a least some degree of particularity overt acts [in] which Defendants engaged.'" Jones v. Cmty. Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984) (quoting Powell v. Workmen's Comp. Bd., 327 F.2d 131, 137 (2d Cir. 1964)) Here, Plaintiffs make no factual allegations against Defendants, but merely cite quotations from nine cases relating to banks lending credit. (Doc. # 1, ¶¶ 53-54). Because Plaintiffs' third cause of action fails to present a claim upon which relief may be granted, the Court will dismiss Count Three.

### 4. Count Four

Plaintiffs' fourth cause of action is titled "Laws of Contracts." As in the previous count, Plaintiffs fail to "allege with a least some degree of particularity overt acts [in] which Defendants engaged," Jones, 733 F.2d at 649, but merely cite to the "Law of Contracts" and the "Statute of Frauds." (Doc. # 1, ¶¶ 55-56) Because Plaintiffs' fourth cause of action fails to present a claim upon which relief may be granted, the Court will dismiss Count Four.

## B. Baker's Request for Costs and Attorney's Fees

Baker has requested costs and attorney's fees pursuant to A.R.S. § 33-807(E).[1] In his reply brief, Baker states that as a "point of clarification, the attorneys of CCLF [The Cooper Castle Law Firm] are representing . . . [Baker] in his individual capacity in this litigation."[2] Baker contends that he just happens to be "the assigned CCLF attorney who is handling this matter." Baker's explanation – that he has been assigned by his firm to represent himself (and presumably is therefore entitled to attorney's fees) – is novel, but unavailing. Regardless of

---

[1] A.R.S. § 33-807(E) provides that "if the trustee is joined as a party in any other action [other than one pertaining to a breach of obligations as a trustee], the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee."

[2] Plaintiffs state that The Cooper Castle Law Firm is not a party in this lawsuit. (Doc. # 12, p. 2)

1 how he casts it, Baker is nevertheless representing himself, and as such, is not entitled to recover attorney's fees. See Kay v. Ehrler, 499 U.S. 432, 438 (1991) (refusing to allow for the recovery of fees by an attorney representing himself). The Court will therefore deny Baker's request for costs and fees.

**IV.    CONCLUSION**

The Court is not insensitive to the plight of Plaintiffs, who face losing their home due to unforeseen circumstances. However, under the law, the Court finds that Plaintiffs' Complaint fails to state a claim upon which relief may be granted. As discussed above, Plaintiffs' action involves the nonjudicial foreclosure of a real estate mortgage under Arizona statutes that do not require presentation of the original note before commencing foreclosure proceedings. Accordingly, dismissal of Plaintiffs' Complaint without leave to amend is proper because "it is clear that the Complaint could not be saved by amendment." Kendall v. Visa USA, Inc., 518 F.3d 1042, 1051 (9th Cir. 2008).

Based on the foregoing,

**IT IS ORDERED** granting Defendant Chase's Motion to Dismiss. (Doc. # 3)

**IT IS FURTHER ORDERED** granting Defendant Baker's Motion to Dismiss. (Doc. # 4)

**IT IS FURTHER ORDERED** dismissing Plaintiffs' Complaint with prejudice. (Doc. # 1)

**IT IS FURTHER ORDERED** denying Baker's request for costs and attorney's fees.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

DATED this 10th day of September, 2009.

_____
Mary H. Murguia
United States District Judge